# Exhibit 14


115139329

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO



DINO PALMIERI SALONS, INC.
    Plaintiff

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY
    Defendant

Case No: CV-20-932117

Judge: MAUREEN CLANCY

## JOURNAL ENTRY

MOTION TO DISMISS OF DEFENDANT, STATE AUTO MUTUAL INSURANCE COMPANY, FILED 06/25/2020, IS DENIED.

O.S.J.

                                                  *OSJ*
                                Judge Signature           Date

| STATE OF OHIO | ) | IN THE COURT OF COMMON PLEAS |
| --- | --- | --- |
| | ) SS: | |
| CUYAHOGA COUNTY | ) | CASE NO. CV-20-932117 |

DINO PALMIERI SALONS, INC., )
individually and on behalf of all others )
similarly situated )
and )
)
FISH FURNITURE SHOP, INC., )
individually and on behalf of all others )
similarly situated )
) **ORDER AND OPINION DENYING**
Plaintiffs, ) **DEFENDANT'S MOTION TO DISMISS**
)
v. )
)
)
)
State Automobile Mutual Insurance )
Company )
)
Defendant. )

### Maureen E. Clancy, J:

This case is before the Court on Defendant State Automobile Mutual Insurance Company's Motion to Dismiss, filed June 25, 2020. Plaintiffs Dino Palmieri Salons, Inc. and Fish Furniture Shop, Inc. filed an Opposition on July 31, 2020. Defendant filed a Reply on August 14, 2020. Plaintiffs filed a Sur-Reply on August 25, 2020, which the Court allowed over Defendant's objection on September 11, 2020. Defendant filed Supplemental Authority on August 11, 2020 and September 3, 2020. On September 9,

1

2020 Plaintiffs filed a response to the Supplemental Authority Defendant filed on September 3, 2020. Plaintiffs filed Supplemental Authority on August 18, 2020. On August 31, 2020, an oral argument was held on Defendant's Motion. On October 6, 2020 Defendant filed a Second Notice of Supplemental Authority, to which Plaintiffs responded on October 14, 2020. Also on October 6, 2020, Plaintiffs filed a Notice of Supplemental Authority. On October 12, 2020 Defendant filed a Third Notice of Supplemental Authority. On November 3, 2020 Defendant filed a Fourth Notice of Supplemental Authority. On November 11, 2020 Defendant filed a Fifth Notice of Supplemental Authority. Consistent with the following Order and Opinion, the Court hereby DENIES Defendant's Motion to Dismiss.

I. **Factual Background**

Plaintiffs, a chain of salons and a pair of furniture stores, are insured by Defendant. On June 3, 2020 Plaintiffs filed this class action lawsuit against Defendant, State Automobile Insurance Company, on behalf of themselves and all others similarly situated. Plaintiffs have all-risk businessowners policies. "All-risk policies cover all risks of loss except for risks that are expressly and specifically excluded." *Studio 417 v. Cincinnati Ins. Co.*, W.D.Mo. No. 20-cv-03127-SRB, 2020 U.S. Dist. LEXIS 147600, *2 (Aug. 12, 2020). Included within the Policy is coverage for losses due to Business Interruption, Extra Expense coverage and coverage for losses due to the actions of a Civil Authority. Amended Complaint, ¶ 12. The Policies do not contain virus exclusions.

In their Amended Complaint, filed June 3, 2020, Plaintiffs allege that Defendant refused to provide coverage for SARS-CoV-2 and/or Covid-19-related losses which should have been covered under the Business Income, Extra Expense, and Civil Authority

provisions of their policies. The parties agree on the language within the policies. In pertinent part, those sections of the policies obligate Defendant to:

1) Business Income: "pay for the actual loss of Business Income [Plaintiffs] sustain due to the necessary 'suspension of [Plaintiffs'] 'operations' during the 'period of restoration'. The suspension must be caused by direct physical loss of or damage to the property at the described premises..."

2) Extra Expense: "pay necessary Extra Expense [Plaintiffs] sustain during the 'period of restoration' that [Plaintiffs] would not have incurred had there been no physical direct loss or damage to property at the described premises..." and

3) Civil Authority: "pay for the actual loss of Business Income [Plaintiffs] sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described physical premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss."

Plaintiffs seek a declaratory judgment that they and others similarly situated are entitled to coverage under the insurance policies they have with Defendant for losses Plaintiffs sustained, and continue to sustain, "at, in, on and/or around their premises," as a result of SARS-CoV-2 and/or Covid-19 Pandemic-related closures. Amended Complaint, ¶ 21. They allege both that SARS-CoV-2/Covid-19 *was* in their establishments during their policy periods, and that it was *probably* present in their establishments. Plaintiffs further allege that SARS-CoV-2 is a physical substance, "that is transmissible and is active on inert physical surfaces for a period of time, and that SARS-CoV-2 is a

3

human pathogen that causes the disease COVID-19 that can be lethal." Amended Complaint, ¶ 26, 28. Plaintiffs further allege that "SARS-CoV-2 has been transmitted by human contact with surfaces and items of physical property located at premises in Ohio" and "SARS-CoV-2 has been transmitted by human contact with airborne particles emitted into the air at premises in Ohio." Amended Complaint, ¶ 31, 34. Plaintiffs further allege the presence of any SARS-CoV-2 particles causes direct physical harm to property, direct physical loss to property and direct physical damage to property. Amended Complaint, ¶ 38, 39, 40. They allege that the presence of any SARS-CoV-2 particles at premises renders the premises unsafe, thereby impairing the premises' value, usefulness, and normal function; that the presence of people infected with or carrying SARS-CoV-2 particles renders physical property in their vicinity unsafe and unusable, resulting in direct physical loss to that property; that the presence of people infected with or carrying SARS-CoV-2 particles at premises renders the premises, including property located at that premises, unsafe, resulting in direct physical loss to the premises and property. Amended Complaint, ¶ 36, 41, 42. Plaintiffs allege that they "have sustained direct physical loss and damage to items of property located at their premises and direct physical loss and damage to the premises described in their Policies as a result of the presence of SARS-CoV-2, COVID-19, and/or the COVID-19 Pandemic." Amended Complaint, ¶ 67. Thus, Plaintiffs allege that the presence of SARS-CoV-2, COVID-19, and/or the Covid-19 Pandemic caused direct physical loss or damage to property. "Physical loss or damage to property" is not defined in the policies.

Plaintiffs also contend that as a result of Covid-19, the State of Ohio issued authoritative orders mandating that they cease or significantly curtail their operations.

They allege that on March 9, 2020, Ohio Governor Mike DeWine declared a state of emergency in response to the Covid-19 pandemic; that on March 18, 2020 Ohio ordered the temporary closure of all hair and nail salons; and that on March 22, 2020 the Ohio Department of Health ordered all non-essential businesses (including Plaintiffs) in Ohio to cease all activities. Amended Complaint, ¶ 49-52.

Defendant argues that the mere possibility of the presence of Covid-19 in Plaintiffs' businesses is not sufficient to survive its Civ.R. 12(b)(6) Motion. It also argues that the presence of a virus cannot satisfy the requirement that Plaintiffs have suffered direct physical loss or damage (a threshold requirement to coverage under the three policy sections that are the subject of Plaintiffs' Amended Complaint). In addition, Defendants argue that Ohio Public Health Orders at issue cannot create a covered claim. As a result, Defendants move to dismiss Plaintiff's Amended Complaint.

## II. Legal Standard

Pursuant to *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, a motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(b)(6) will only be granted where the party opposing the motion is unable to prove any set of facts that would entitle him to relief. Indeed, before a court may dismiss an action under this rule, "* * * it must appear beyond doubt from the Complaint that the Plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2D 223, 327 N.E.2d 753, syllabus. To make this determination, the Court is required to interpret all material allegations in the Complaint as true and admitted. *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80. The Court must draw all reasonable inference in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

## III. Analysis

Defendant's overarching argument is that Plaintiffs' allegations do not rise to the level of direct physical loss or damage to property, and therefore, because physical loss or damage to property is a threshold requirement for coverage under the three policy provisions at issue here, Plaintiffs' Amended Complaint must be dismissed.

"Insurance policies are contracts and their interpretation is a matter of law for the court . . . Insurance coverage is determined by reasonably construing the contract in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed. Contract terms are to be given their plain and ordinary meaning. Where provisions of a contract of insurance are reasonably susceptible to more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. However, where the intent of the parties to a contract is evident from the clear and unambiguous language used, a court must not read into the contract a meaning not contemplated or placed there by an act of the parties to the contract. Although, as a rule, a policy of insurance that is reasonably open to different interpretations will be construed most favorably for the insured, that rule will not be applied so as to provide an unreasonable interpretation of the words of the policy." *Dunson v. Home-Owners Ins. Co.*, 3d Dist. Hancock No. 5-09-37, 2010-Ohio-1928, ¶ 12-14 (internal citations and quotations omitted).

"Physical loss or damage" is not defined in the policy. As noted by Defendant in its Motion, The Eighth District Court of Appeals has previously interpreted the requirement in an insurance policy that the insured property in question must have sustained physical loss, damage, or injury:

Read in context with the other terms used in the definition of "property damage," we construe the term "physical injury" to mean a harm to the property that adversely affects the structural integrity of the house. This interpretation is consistent with authorities on insurance law. *See, e.g.*, 10A Couch on Insurance (3d Ed. 1998), Section 148:46 ("The requirement that the loss be 'physical,' given the ordinary definition of that term, is widely held to exclude alleged losses that are intangible or incorporeal, and, thereby, to preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property"); Comment, Why Fear the Fungus: Why Toxic Mold Is and Is Not the Next Big Toxic Tort (2004), 52 Buff.L.Rev. 257, 276 (homeowners must show "distinct and demonstrable" damage to property as a result of mold growth, such as "clear physical damage to the structure of the home" to recover under a homeowner policy).

*Mastellone v. Lightning Rod Mut. Ins. Co.*, 175 Ohio App. 3d 23, 2008-Ohio-311, 884 N.E.2d 1130, ¶ 61 (8th Dist.) (holding that the trial court had erred when it refused to grant a directed verdict to insurer where plaintiffs "presented no evidence to show that the mold on the siding of their house constituted 'physical damage' as that term is used in the policy." *Id.* at ¶ 63). The Eighth District's holding in *Mastellone*, however, interpreted the policy in question – as well as whether plaintiffs had satisfied the terms of that policy – with the benefit of evidence, including expert opinions. At the Motion to Dismiss stage, this Court does not have the benefit of similar evidence.

The Court finds that, at this juncture, Plaintiffs' allegations in their Amended Complaint are sufficient to withstand Defendant's Motion. While Defendant argues that the mere possibility Covid-19 was present in Plaintiffs' establishments is not enough to survive Defendant's Motion to Dismiss, Plaintiffs allege that they "have sustained direct physical loss and damage to items of property located at their premises and direct physical loss and damage to the premises described in their Policies as a result of the presence of SARS-CoV-2, COVID-19, and/or the COVID-19 Pandemic." Amended

Complaint, ¶ 67. Though Defendant points to *Mastellone* to provide an interpretation of "physical loss or damage," thereby arguing that Plaintiffs have not satisfied that definition and so are not entitled to coverage, the Court finds that analysis to be premature. Interpreting all material allegations in the Amended Complaint as true and admitted, and drawing all reasonable inferences in favor of Plaintiffs, the Amended Complaint sufficiently contends that Plaintiffs' premises sustained physical loss or damage directly from the presence of physical Covid-19 particles.

While parts of Plaintiffs' Amended Complaint refer to the "probable" presence of Covid-19 in their establishments, Plaintiffs have also alleged the affirmative physical presence of the virus on their premises, and ensuing physical damage and loss. In addition, other courts have found that allegations of the *likely* existence of Covid-19 particles at a business was enough to survive a motion to dismiss when similar policy language was at issue.

In denying defendant insurance company's Motion to Dismiss in a similar action, the Western District of Missouri explained:

> Plaintiffs allege that COVID-19 is a highly contagious virus that is physically "present . . . in viral fluid particles," and is "deposited on surfaces or objects." Plaintiffs further allege that this physical substance is likely on their premises and caused them to cease or suspend operations . . . Plaintiffs expressly allege physical contamination . . . [none of the] cases cited by Defendant warrant dismissal under Rule 12(b)(6).
>
> Defendant's reply brief cites recent out-of-circuit decisions which found that COVID-19 does not cause direct physical loss . . . [But] Plaintiffs here have plausibly alleged that COVID-19 particles attached to and damaged their property, which made their premises unsafe and unusable. This is enough to survive a motion to dismiss.
>
> Defendant also contends that if Plaintiffs' interpretation is accepted, physical loss would be found "whenever a business suffers economic harm." That is not what the Court holds here. Although Plaintiffs allege economic harm, that harm is

8

tethered to their alleged physical loss caused by COVID-19 and the Closure Orders. (Doc. #1-1, ¶¶ 106-107) (alleging that the COVID-19 pandemic and Closure Orders required Plaintiffs to "cease and/or significantly reduce operations at, and . . . have prohibited and continue to prohibit access to, the premises.") For all these reasons, the Court finds that Plaintiffs have adequately alleged a direct physical loss under the Policies.

*Studio 417 v. Cincinnati Ins. Co.*, W.D.Mo. No. 20-cv-03127-SRB, 2020 U.S. Dist. LEXIS 147600, *17-18 (Aug. 12, 2020) (internal citations and quotations omitted). *See also Blue Springs Dental Care v. Owners Ins. Co.*, W.D.Mo. No. 20-CV-00383-SRB, 2020 U.S. Dist. LEXIS 172639, *12-13 (Sept. 21, 2020) ("Here, Plaintiffs allege that 'it is likely customers, employees, and/or other visitors to the insured properties over the recent month were infected with the coronavirus,' they 'suspended operations due to COVID-19 to prevent physical damages to the premises by the presence or proliferation of the virus and the physical harm it could cause persons present there,' and that 'customers cannot access the property due to the Stay at Home Orders or fear of being infected with or spreading COVID-19.' . . . Plaintiffs also explain how COVID-19 is physically transmitted by air and surfaces through droplets, aerosols, and fomites that remain infectious for extended periods of time . . . Taking Plaintiffs' fact allegations as true, as the Court must at this stage, and after drawing reasonable inferences from those facts in their favor, Plaintiffs plausibly allege that COVID-19 physically attached itself to their dental clinics, thereby depriving them of the possession and use of those insured properties").

Here, not only do Plaintiffs allege that Covid-19 – a physical substance – was *likely* on their premises (as do the Plaintiffs in *Studio 417* and *Blue Springs Dental Care*), but that it *was* physically present and that it caused physical loss and damage. Accordingly, the Court finds that Plaintiffs have sufficiently alleged that Covid-19 existed on their premises, and that it caused direct physical loss and damage.

9

Defendant also contends that even if Plaintiffs are able to prove that Covid-19 was present in their establishments, the presence of Covid-19 does not meet the definition of "physical loss or damage to property," so coverage would not apply. The Court finds that, again, Plaintiffs' Amended Complaint alleges that they have suffered physical loss and damage as the result of the physical presence of Covid-19 in their establishments, and that allegation – which must be taken as true at this stage – is sufficient to survive a motion to dismiss. *See* Amended Complaint, ¶ 67.

Moreover, Plaintiffs have plausibly stated a claim for extra expense and civil authority coverage under the policy as both require Plaintiffs to experience direct physical loss and damage to the property. Again, as discussed previously, Plaintiffs have adequately alleged that they suffered direct physical loss and damage to their property as a result of the physical presence of SARS-CoV-2. Plaintiffs adequately allege that the presence of the COVID-19 virus in and on their premises caused them to suffer direct physical loss and damage to their premises.

As to civil authority coverage, Defendants argue that Plaintiffs' losses are due to the State of Ohio's March 2020 orders forcing non-essential businesses (including Plaintiffs) to close, rather than direct losses due to Covid-19, but similarly, Plaintiffs' Amended Complaint – while it does attribute losses to the shutdown orders – also alleges losses stemming from the actual physical presence of the virus, both in the air and on the surfaces. *Id.* In addition, the Court finds that Plaintiffs' allegations at the Motion to Dismiss stage plausibly allege that access to their premises was prohibited to such a degree as to trigger the civil authority coverage, as Plaintiffs have adequately established the "requisite causal link between damage to adjacent property and denial of access" to their

stores. *Mudpie, Inc. v. Travelers Cas. Ins. Co.*, N.D.Ca. No. 20-cv-03213-JST, 2020 U.S. Dist. LEXIS 168385, *19 (Sept. 14, 2020). As in *Studio 417*, the policy here does not specify that *all* access to the premises be absolutely prohibited. Plaintiffs have adequately stated a claim under the civil authority section of their policies.

Moreover, the cases on which Defendant relies to argue that this case should be decided at the Motion to Dismiss stage were either decided after the Court had the opportunity to consider evidence; or did not include allegations that plaintiffs' losses were attributable to the physical presence of Covid-19; or involved policies with a specific virus exclusion; or did not involve a virus at all, or did not allege direct physical harm. *See, e.g. Mastellone v. Lightning Rod Mut. Ins. Co.*, 175 Ohio App.3d 23, 2008-Ohio-311, 884 N.E.2d 1130 (directed verdict; mold); *Universal Image Prods. v. Chubb Corp.*, 703 F. Supp. 2d 705, (E.D.Mich.2010) (motion for summary judgment; mold); *10E v. Travelers Indem. Co.*, C.D.Ca. No. 2:20-cv-04418, 2020 U.S. Dist. LEXIS 165252 (Sept. 2, 2020) (virus exclusion; losses attributable to government orders); *Malaube v. Greenwich Ins. Co.*, S.D.Fla. No. 20-22615, 2020 U.S. Dist. LEXIS 156027 (Aug. 26, 2020) (virus exclusion; losses attributable to government orders); *Pappy's Barber Shops, Inc, v. Farmers Grp., Inc.*, S.D.Ca. No. 20-CV-907-CAB-BLM, 2020 U.S. Dist. LEXIS 166808 (Sept. 11, 2020) (losses attributable to government orders).

Accordingly, since Plaintiffs' Amended Complaint alleges the physical presence of Covid-19 on their premises, and that Plaintiffs suffered physical loss or damage directly stemming from the physical presence of Covid-19, the Court finds that Plaintiffs' Amended Complaint adequately states a claim upon which relief may be granted.

## Conclusion

Interpreting all material allegations in the Amended Complaint as true and admitted, and drawing all reasonable inferences in favor of Plaintiffs, Defendant's June 25, 2020 Motion to Dismiss is therefore DENIED.

_____ 11·17·2020
MAUREEN E. CLANCY, JUDGE