# Exhibit 15

CN: 2020221232
SN: 12
PC: 7

The Honorable Michelle Szambelan

**FILED**

NOV 2 3 2020

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR SPOKANE COUNTY

PERRY STREET BREWING COMPANY,
LLC, a Washington limited liability company,

           Plaintiff,

      v.

MUTUAL OF ENUMCLAW INSURANCE
COMPANY, a Washington insurance
company,

          Defendant.

NO. 20-2-02212-32

**ORDER GRANTING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: COVERAGE GRANT**

THIS MATTER came before the Court on Plaintiff's Motion for Partial Summary

Judgment Re: Coverage Grant ("Motion"). The Court has duly considered the oral argument of

the parties, the files and records herein, and the below-listed pleadings, papers, declarations, and

exhibits submitted by the parties:

     1.     Plaintiff's Motion;

     2.     Declaration of Ben Lukes;

     3.     Declaration of John Cadagan;

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: COVERAGE
GRANT - 1

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

4.     Defendant Mutual of Enumclaw Insurance Company's Opposition to Plaintiff's Motion for Partial Summary Judgment;

5.     Declaration of Steven Caplow in Support of Defendant Mutual of Enumclaw Insurance Company's Opposition to Plaintiff's Motion for Partial Summary Judgment;

6.     Plaintiff's Reply.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.     Plaintiff's Motion is GRANTED.

2.     Pursuant to CR 56, the Court enters the following undisputed facts relevant to its subsequent conclusions of law.

3.     Plaintiff Perry Street Brewing Company LLC ("PSBC") owns and operates a brewery and bar with dining business with its principal place of business located at 1025 S. Perry St. # 2, Spokane, WA 99202.

4.     Defendant Mutual of Enumclaw Insurance Company ("MOE") is an insurer authorized to write, sell, and issue business insurance policies in Washington to policyholders, including PSBC.

5.     MOE issued a businessowners policy and related endorsements ("the Policy") with Commercial Property Coverage.

6.     PSBC's business property includes property owned and/or leased by PSBC and used by PSBC primarily for operating a brewery and bar with dining services.

7.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: COVERAGE
GRANT - 2

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

8.      In light of this pandemic, on February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the state of Washington as the result of COVID-19.

9.      Thereafter, Governor Inslee issued a series of certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

10.     On March 13, 2020, Governor Inslee issued Proclamation 20-11, "Statewide Limits on Gatherings," which prohibited all gatherings of 250 people or more in all Washington counties, including Spokane County.

11.     On March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings," which prohibited all gatherings of 50 people or more in all Washington counties, including Spokane County, and further prohibited gatherings of fewer people unless organizers of those activities complied with certain social distancing and sanitation measures.

12.     Also on March 16, 2020, Governor Inslee issued Proclamation 20-13, "Statewide Limits: Food and Beverage Services, Areas of Congregation," which prohibited the onsite consumption of food and/or beverages in a public venue, including restaurants, bars, or other similar venues in which people congregate for the consumption of food or beverages.

13.     By order of Governor Inslee effective October 6, 2020, for counties in "Phase Two," including Spokane County, although some indoor dining is allowed, dining and consumption of beverages are still curtailed compared to pre-pandemic.  For example, restaurant table group sizes remain limited, the number of diners is capped at no more than 50 percent of capacity, hours remain restricted, and bar counters remain closed. *See*

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: COVERAGE
GRANT - 3

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

https://www.governor.wa.gov/sites/default/files/COVID19%20Phase%202%20and%203%20Res

taurant%20and%20Tavern%20Guidance.pdf?utm_medium=email&utm_source=govdelivery.

14.     Under the Business Income (and Extra Expense) Coverage Form of the Policy,

MOE promised to pay PSBC for "direct physical loss of or damage to property at premises

which are described in the Declarations" "caused by or resulting from any Covered Cause of

Loss."

15.     Whether the above undisputed facts establish coverage with the Business Income

(and Extra Expense) Coverage Form as a matter of law for "direct physical loss of or damage to"

property at premises—an issue on which PSBC bears the burden of proof—is the threshold issue

for determination on PSBC's Motion under CR 56.

16.     Determining insurance coverage is a two-step process. First, the insured must

show that the loss falls within the scope of the policy's insured losses. Second, to avoid coverage

the insurer must show that specific policy language excludes the loss. *McDonald v. State Farm*

*Fire & Cas. Co.*, 119 Wn.2d 724, 731, 837 P.2d 1000 (1992).

17.     PSBC's Motion is directed toward the first step.  It does not seek a CR 56

summary judgment determination as to any exclusions of coverage or the amount of relief to be

issued.

18.     The Court finds that PSBC has established that PSBC's claimed loss falls within

the grant of coverage of the Business Income (and Extra Expense) Coverage Form  of the Policy

as a matter of law, because as a result of the proclamations and orders issued by Governor Inslee,

PSBC suffered direct physical loss of its property at premises.

19.     The Policy issued by MOE does not define the terms "direct physical loss of or

damage to" property at premises.

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: COVERAGE
GRANT - 4

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

20. As a result, the Court is mindful of Washington's rules for interpreting insurance policies.

21. In Washington, insuring provisions must be interpreted liberally to provide coverage whenever possible. *Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wn. App. 687, 694, 186 P.3d 1188 (2008).

22. Insurance policies are construed in favor of coverage because: "the purpose of insurance is to insure." *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wn.2d 65, 68, 659 P.2d 509 (1983).

23. When a term in an insurance policy is subject to multiple, reasonable definitions, the "[policyholder's] reasonable interpretation of the policy must be accepted." *Holden v. Farmers Insurance Co. of Washington*, 169 Wn.2d 750, 760, 239 P.3d 344 (2010).

24. When terms are undefined, Washington requires courts to use their "plain, ordinary, and popular" meaning – how an "average lay person" would understand them. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 876-77, 784 P.2d 507 (1990).

25. The Court may be aided by dictionary definitions, as the Washington Supreme Court so relied upon in *Boeing v. Aetna*.

26. Dictionary definitions of "loss," include "'destruction' 'ruin' or 'deprivation.'" *Loss*, Merriam-Webster, https://www.merriam-webster.com/dictionary/loss.

27. At minimum, PSBC had a "deprivation" of its business property.

28. The undefined phrases "loss of" property and "damage to" property also are distinct from one another. *Nautilus Group, Inc. v. Allianz Global Risks US*, No. C11-5281BHS, 2012 WL 760940 (W.D. Wash. Mar. 8, 2012). In *Nautilus*, the Court reasoned that "if 'physical loss' was interpreted to mean 'damage,' then one or the other would be superfluous. The fact that

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: COVERAGE
GRANT - 5

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

they are both included in the grant of coverage evidences an understanding that physical loss means something other than damage." *Nautilus*, 2012 WL 760940, at *7.

29. The Court agrees with the rationale in *Nautilus*, especially since the undefined phrases "loss of" and "damage to" have popular meanings distinct from one another.

30. Accordingly, one reasonable interpretation of "direct physical loss of" property at premises is that the interruption of PSBC's business operations as a result of the proclamations was a direct physical loss of PSBC's property because PSBC's property could not physically be used for its intended purpose, i.e., PSBC suffered a loss of its property because it was deprived from using it.

31. The Court finds that this is an interpretation that an average lay person would understand by the phrase "loss of" property in the Policy. *See also Boeing*, 113 Wn.2d at 876.

32. In sum, the Court concludes as a matter of law that PSBC suffered a loss of its property at premises when PSBC lost the ability to use its property at premises for its intended purpose.

33. The Court, therefore, grants Plaintiff's Motion.

DATED this **23rd** day of November 2020.

Michelle D. Szambelan

The Honorable Michelle Szambelan
Superior Court Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: COVERAGE
GRANT - 6

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Presented by:

**GORDON TILDEN THOMAS & CORDELL LLP**
Attorneys for Plaintiff

By: [signature]

D. Mark Wilner, WSBA #31550
John D. Cadagan, WSBA #47996
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
mwilner@gordontilden.com
jcadagan@gordontilden.com

**KELLER ROHRBACK LLP**
Attorneys for Plaintiff

By: [signature] w/ approval

Ian S. Birk, WSBA #31431
1201 Third Avenue, Suite 3200
Seattle, WA 98101
206.623.1900
ibirk@kellerrohrback.com

Agreed as to Form Only;
Notice and Presentation Waived by:

**DAVIS WRIGHT TREMAINE LLP**
Attorneys for Defendant

By: *s/ Steven P. Caplow*
Steven P. Caplow, WSBA #19843
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150
stevencaplow@dwt.com